United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,

v.

Nathanal Michael Pace,

      Defendant.

_____/

Hon. Robert H. Cleland

Case No. 19-cr-20822

# Plea Agreement

The United States of America and the defendant, Nathanal Michael Pace, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Counts of Conviction

The defendant will plead guilty to Counts 1, 2, and 4 of the First Superseding Indictment. Counts 1 and 2 charge the defendant with production of child pornography under 18 U.S.C. § 2251(a). Count 4 charges the defendant with distribution of child pornography under 18 U.S.C. § 2252A(a)(2).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Counts 1 & 2 | Term of imprisonment: | At least 15 years, up to 30 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | At least five years, up to life |
| Count 4 | Term of imprisonment: | At least 5 years, up to 20 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | At least five years, up to life |

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

The defendant understands that Counts 1 and 2 require a mandatory minimum sentence of 180 months' imprisonment and that the Court may not impose a sentence on these counts below the mandatory minimum. The defendant further understands that Count 4 requires a mandatory minimum sentence of 60 months and that the

Court may not impose a sentence on this count below the mandatory minimum.

**3.    Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the first superseding indictment against the defendant in this case. Specifically, the United States Attorney's Office for the Eastern District of Michigan will dismiss Counts 3, 5 and 6 of the First Superseding Indictment. Count 3 charges the defendant with attempted production of child pornography under 18 U.S.C. § 2251(a) and carries a mandatory minimum term of imprisonment of 15 years. Count 5 charges the defendant with receipt of child pornography under 18 U.S.C. § 2252A(a)(2) and carries a mandatory minimum term of imprisonment of 5 years. Count 6 charges the defendant with possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B).

**4.    Elements of Counts of Conviction**

The elements of Counts 1 and 2 (production of child pornography) are:

1. The defendant knowingly employed, used, persuaded, enticed and coerced any minor to engage in sexually explicit conduct;

2. The purpose of the conduct was to produce any visual depiction of such conduct; and

3. The materials used to produce the visual depiction had been mailed, shipped, and transported in or affecting interstate and foreign commerce.

The elements of Count 4 (distribution of child pornography) are:

1. The defendant knowingly distributed any child pornography;

2. The defendant knew that the material contained child pornography;

3. The child pornography was shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## 5.   Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

On or about and between January 1, 2019, and December 5, 2019, in the Eastern District of Michigan and elsewhere, the defendant did knowingly employ, use, persuade, induce, entice and coerce MV-1 and MV-2 to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and the defendant knew or had reason to know that such visual depiction would be transported in interstate commerce; and the depiction actually has been transported in interstate commerce, in violation of Title 18, United States Code, Sections 2251(a).

Specifically, as to MV-1, a boy born in 2011, on at least one occasion in 2019, the defendant forced the boy to perform oral sex on him. During the sexual act, the defendant recorded it using his cellular phone that was manufactured outside the state of Michigan. The sexual act and recording took place in the Eastern District of Michigan. The defendant also showed the MV-1 various forms of pornography on his cellular phone. During at least two sexual acts, MV-2 was present.

Page **5** of **21**

As to MV-2, a girl born in 2015, on at least one occasion in 2019, the defendant forced the girl to perform oral sex on him. During the sexual act, the defendant recorded it using his cellular phone. The sexual act and recording took place in the Eastern District of Michigan.

Defendant uploaded at least some of the child pornography that he created depicting MV-1 and MV-2 to an online storage program called Dropbox. From there, the defendant shared the videos and photos with others. He also used Dropbox to collect and trade other child pornography he had gathered from the internet.

## 6.   Advice of Rights

The defendant has read the First Superseding Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.     The right to be presumed innocent and to require the
government to prove the defendant guilty beyond a
reasonable doubt at trial;

E.     The right to confront and cross-examine adverse witnesses
at trial;

F.     The right to testify or not to testify at trial, whichever the
defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to
have the jury informed that it may not treat that choice as
evidence of guilt;

H.     The right to present evidence or not to present evidence at
trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

## 7.    Collateral Consequences of Conviction

The defendant understands that his convictions here may carry
additional consequences under federal or state law. The defendant
understands that, if he is not a United States citizen, his convictions
here may require him to be removed from the United States, denied
citizenship, and denied admission to the United States in the future.

Page **7** of **21**

The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 8.  Defendant's Guideline Range

### A.  Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.  Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- Pursuant to USSG § 2G2.1, the base offense level is 32;

- Pursuant to USSG § 2G2.1(b)(1)(A), the offenses involved a minor who had not attained the age of 12 years;

- Pursuant to USSG § 2G2.1(b)(2)(A), the offenses involved the commission of a sexual act;

- Pursuant to USSG § 2G2.1(b)(3), the defendant knowingly engaged in distribution;

- Pursuant to USSG § 2G2.1(b)(4), the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence;

- Pursuant to USSG § 2G2.1(b)(d)(1), the offense involved more than one minor;

- Pursuant to USSG §4B1.5, the defendant engaged in a pattern of activity involving prohibited sexual conduct.

### D.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the maximum allowed by statute: 80 years.

### 2.   No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### B.   Supervised Release

### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a five-year term of supervised release.

### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow

the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### C.    Fines

There is no recommendation or agreement as to a fine.

### D.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit

the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### E.    Forfeiture

Under 18 U.S.C. § 2428(a)(1) and 18 U.S.C. § 2253(a)(3), Defendant agrees to forfeit any property, real or personal, used or intended to be used to commit or to facilitate and/or promote the commission of his violation of 18 U.S.C. § 2251(a) and 18 U.S.C. § 2252A(a)(2).

In entering into this agreement with respect to forfeiture, Defendant expressly waives his right to have a jury determine the

forfeitability of his interest in any property identified for forfeiture under Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Following entry of this plea agreement and on application of the United States, Defendant agrees to the Court's prompt entry of one or more orders of forfeiture at, or any time before, his sentencing.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based on the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing, and incorporation of forfeiture in the judgment. Defendant acknowledges that he understands that forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

### F. Special Assessment

The defendant understands that he will be required to pay a special assessment of $300, due immediately upon sentencing.

Under the Justice for Victims of Trafficking Act of 2015, the defendant will be required pay a special assessment of $5,000, due immediately upon sentencing. But if the Court finds that the defendant is indigent, the Court may waive the special assessment.

### 10. SORNA

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, Defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

**11.   Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

**12.   Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**13. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**14. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

Page 18 of 21

**15. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**16. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 PM on April 27, 2022. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____        _____
Brandy R. McMillion                                   Margaret M. Smith
Chief, General Crimes Unit                         Assistant U.S. Attorney
Assistant U.S. Attorney

Dated: April 20, 2022

By signing below, the defendant and his attorney agree that the
defendant has read or been read this entire document, has discussed it
with his attorney, and has had a full and complete opportunity to confer
with his attorney. The defendant further agrees that he understands
this entire document, agrees to its terms, has had all of his questions
answered by his attorney, and is satisfied with his attorney's advice and
representation.

_____
Nancy McGunn
Attorney for Defendant

_____
Nathanal Michael Pace
Defendant

Dated: 4-27-22