# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

                               Criminal No:  19-cr-20822

v.                           Honorable Robert H. Cleland

NATHANAL PACE,

        Defendant.

---

## United States' Sentencing Memorandum

---

Defendant Nathanal Pace robbed at least three small children of their innocence in order to fuel his sexual desires.  He stands convicted production of child pornography, and receipt of child pornography, in violation of 18 U.S.C. §§ 2251(a); 2252A(a)(2).  For the reasons stated in this memorandum, the government believes a sentence of **600 months'** imprisonment is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

## I.    Facts and Procedural History

This case involves countless child victims, whose sexual abuse was memorialized, sensationalized, and traded by this defendant.  But on a local level, three young children were sexually abused by this defendant: MV-1 (a little boy, 8 years old); MV-2 (a little girl, 4 years old); and MV-3 (a little boy, 3 years old).  He recorded this sexual abuse and distributed it to the world.

In September 2019, Michigan State Police received two tips from the National Center for Exploited and Missing Children (NCMEC) that Pace was uploading and sharing approximately 36 videos and images.  But that was just the beginning.  After executing a search warrant at his house, law enforcement learned that Pace had sexually assaulted multiple children.  He also had an enormous electronic library of child sexually abusive materials—too large to count.

During his interview, Pace admitted that he used his friend's children to his sexual advantage.  Over time, he groomed them by giving them candy, showing them pornographic materials, and wrestling around with them.  Eventually, Pace confessed that he

forced MV-1 and MV-2 to perform oral sex on him.  He also sexually molested them.

As for MV-3, Pace explained that this child was unknown to him. While pretending to be assisting with babysitting at his family's church, he took a diapered child into the bathroom and started snapping sexual pictures of him and the child.  He could not identify anything about this baby, except that he was wearing a pullup-style diaper.  (Law enforcement eventually identified the child).

Defendant pleaded guilty under a Rule 11 plea agreement to two counts of producing child pornography, and one count of attempting to produce child pornography.   But his relevant conduct includes the massive collection of child sexual abuse material that he was trading online.  The presentence report calculated his guideline range to be life imprisonment, with an offense level of 53, but adjusted to the maximum level of 43.  Neither party objected to the PSR calculations.

This Court set sentencing for October 27, 2022, at 2:30 p.m.

## II.   The factors under 18 U.S.C. § 3553(a) warrant a 600 month sentence.

### a. The nature and circumstances of the offense

This defendant's behavior takes on multiple roles.  He manipulated and groomed his friend in order to gain access to her children.  Once he had them alone, he sexually abused them, and memorialized their abuse forever by taking photos of it.  He snatched a child out of a church nursery for his sexual pleasure.  And he spent a significant of time online trading his products, meticulously categorizing folders in his online cloud storage accounts.

Not only did Defendant manufacture child pornography, but he obtained additional images of other children through the internet. Defendant's collection of child pornography obtained from the internet included graphic, disgusting, and horrific depictions of the sexual assault of children.  The vast majority of the collection show young children who are clearly prepubescent.  They are extremely slight in stature; have no real body development; and no visible body hair.  In the images, these young girls are posed either fully nude, or scantily clad in inappropriate attire given their tender years, often reclining on beds or on chairs.  They are forced to pose in unnatural ways given their young ages, all to create

the false and devastating impression that they are willing to engage in sexual activity.  These images depict the horrific abuse of small children that would repulse most people.  But not Pace; these images were sought out and saved, so defendant could access them for his sexual pleasure over and over again.

With a click of the button on a camera, the sexual abuse of these children is memorialized forever.  Worse, the crimes against them continue over and over again, because every time their image is collected, every time Defendant views their abuse to whet his sexual appetite, these children are victimized all over again.  Not only must these children deal with the  physical, psychological, and emotional repercussions of their abuse, but they—unlike those children whose victimization was not memorialized on film—know that thousands of people watch, download, and trade in their suffering.

### b. History and characteristics of the defendant

Pace is a 27 year old man.  He is relatively healthy and intelligent. He does make a claim of being sexually abused as a child; however, it is important to note that no scientific data exists that would show a causation between sexual abuse as a child, and a later sexual interest in

children.  *See*, Widom and Massey: *A Prospective Examination of Whether Childhood Sexual Abuse Predicts Subsequent Sexual Offending*, Journal of American Medical Association Pediatrics, 2015.

In assessing the entire history and characteristics of this defendant, there is nothing that would warrant movement from the guidelines in either direction.  A sentence of 600 months is appropriate.  With his automatic "good time" calculations, and time already served pre-sentence, Defendant would be in his sixties upon release.

### c. Seriousness of the offense, promotion of respect for the law, and just punishment for the offense.

The damage done to Pace's victims is permanent.  Undoubtedly, this is a serious offense.  A sentence that would adequately reflect the seriousness of the offense would recognize that the defendant produced images and videos that are "intrinsically related to the sexual abuse of children . . . . a permanent record of the children's participation." *New York v. Ferber*, 458 U.S. 747, 759 (1982).  This is precisely why Congress has mandated a lengthy custodial punishment in cases like these.

### d. Adequate deterrence and protection of the public

Deterrence is a key component in discouraging future criminal behavior and protecting the public.  By deterring both the individuals who create a demand for child pornography and those that produce the supply, courts can help prevent the sexual exploitation of children.  And Defendant has already demonstrated what he wants to do (and has done): sexually exploit children and engage them in sexual activity.

Adequate deterrence and protection of the public also looks at the possibility of whether Pace will reoffend.  The risk of reoffending is real, and amply demonstrated by this defendant.  Congress envisioned that individuals who seemingly have no ability to control their sexual desire for children, ought to be incarcerated for extended periods of time to protect society's children.  The government agrees.  A sentence of 600 months is appropriate.

### e. Kinds of sentences available and the need to avoid unwarranted sentencing disparities.

A sentence of 600 months fits comfortably within the range of sentences that similarly situated defendants receive.  Congress has decided that child pornography crimes are serious, impart harm onto our children, and are deserving of lengthy sentences.

Pace's sentence must avoid unwarranted sentencing disparities. There is ample precedent for an extensive sentence for child sexual exploiters.   *See United States v. Boyle,* 15-20741 (E.D. Mich. 2017) (defendant with prior criminal convictions sentenced to 60 years for sexual exploitation of children); *United States v. Pierce*, 16-20192 (E.D. Mich. 2016) (defendant with no prior criminal convictions sentenced to 90 years for sexual exploitation of his grandchildren); *United States v. Steven Demink*, 10-20676 (E.D. Mich. 2010) (defendant with no prior criminal convictions received life sentence based on his online conduct where he manipulated women to have sex with their children on camera for defendant); *United States v. Mario Asakevich,* 11-20343 (E.D. Mich. 2012) (repeat sex offender sentenced to life in prison for online enticement); *United States v. James Frazee*, 10-20082 (E. D. Mich. 2010) (previously convicted sex offender who produced child pornography of a 14 year-old girl, sentenced to life in prison).

Other courts around the country have likewise imposed life sentences—or the equivalent of life sentences—against significant child pornography offenders. *See United States v. Williams*, 2013 WL 6851125 (11th Cir. Dec. 31, 2013) (unpublished) (100 year sentence affirmed);

*United States v. Goodale*, 2013 WL 6847032 (8th Cir. Dec. 30, 2013) (life sentence reasonable for defendant who sexually abused two boys); *United States v. Hamilton*, 2013 WL 6726953 (2d Cir. Dec. 23, 2013) (unpublished) (1800 month sentence affirmed after defendant pleaded guilty to 5 counts of production of child pornography, court stated "Nor are we persuaded that a life sentence in the case at bar overstates the seriousness of the offense given Hamilton's role in producing graphic child pornography by filming himself sexually abusing children as young as four years old."); *United States v. Hodge*, 729 F.3d 717 (7th Cir. 2013) (1380 month sentence reasonable for production and other child pornography crimes, including the abuse of a 9 year-old girl); *United States v. Herrick*, 2013 WL 275908 (6th Cir. Jan. 25, 2013) (unpublished) (1140 month sentence reasonable for three counts of production of child pornography for a Boy Scout camp director); *United States v. Boroczk*, 2013 WL 197709 (7th Cir. Jan. 18, 2013) (70 year production sentence reasonable); *United States. v. Cannon*, 703 F.3d 407 (8th Cir. 2013) (840 months for sexual exploitation of a child upheld); *United States v. Boyle*, 2013 WL 4256278 (5th Cir. Aug. 12, 2013) (unpublished) (upheld 70 year sentence for production and possession); *United States v. Snyder*, 425

Fed. Appx. 64 (2d Cir. 2011) (upholding a 75 year sentence for 5 counts of production of child pornography as substantively reasonable); *United States v. Castillo*, 2011 WL 2014943 (11th Cir. 2011) (upholding a sentence of 1,560 months (130 years) for 4 counts of production of child pornography and one count of possession of child pornography as substantively reasonable); *United States v. Sarras*, 575 F.3d 1191 (11th Cir. 2009) (affirming as reasonable a 100-year (1,200 months) sentence for a first-time offender who sexually abused a 13-year-old girl and produced pornographic images of the victim); *United States v. Johnson*, 451 F.3d 1239 (11th Cir. 2006) (upholding as reasonable a 140-year sentence for two counts of producing child pornography and one count of distribution); *United States v. Betcher*, 534 F.3d 820 (8th Cir. 2008) (upholding as reasonable a 750-year sentence for a first-time offender who had taken pornographic pictures of five 8–to–11-year-old girls, including two of his granddaughters).

These are just some examples of the sentences imposed on significant child pornography offenders.  There is simply no sentence short of 50 years that will meet the goals of 18 U.S.C. § 3553(a).

## III.  Conclusion

Pace has participated in some of the most vile and heinous crimes in our society.  Worse, he has continuously done so for virtually his entire adult life.  The Supreme Court, Congress, and courts across the country have repeatedly recognized the pain and suffering caused by the sexual exploitation of children.  These children are not abstractions or objects, they are real people who experienced untold horror in order to fuel Pace's sexual appetite.

Accordingly, the United States recommends a sentence of **600 months**' imprisonment.

Respectfully submitted,

DAWN N. ISON,
United States Attorney

*s/Margaret M. Smith*
Margaret M. Smith
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone:  (313) 226-9135
E-Mail: margaret.smith@usdoj.gov
Bar No. P71413

Dated:  10/12/2022

## Certificate of Service

I hereby certify that on October 12, 2022, I electronically filed the

Sentencing Memorandum for the United States with the Clerk of the

Court of the Eastern District of Michigan using the ECF system which

will send notification of such filing to the following attorneys on record.

Celeste Kinney
Nancy L. McGunn

<div style="margin-left: 40%;">

s/Margaret M. Smith
MARGARET M. SMITH (P71413)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone:  (313) 226-9135
E-Mail: margaret.smith@usdoj.gov

</div>